# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **United States** | : | |
| | : | Case No. 3:10-cr-80 (VLB) |
| v. | : | |
| | : | October 25, 2011 |
| **Jermaine Jones** | : | |

### MEMORANDUM OF LAW DENYING DEFENDANT'S [Doc. #133] MOTION IN LIMINE #1

For the reasons stated below, the Defendant's motion to exclude testimony detailed in the Government's motion [Dkt. No. 128] is denied, except as it pertains to testimony relating to Rebecca Souve, as to which the Court defers a ruling until after an offer of proof by the Government establishing its relevance and probaty.

Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The rule does make an exception for evidence offered "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." If such evidence is to be offered, "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial."

The Second Circuit has interpreted Rule 404 broadly to allow evidence of prior bad acts to be admitted so long as it is relevant and is not offered to prove criminal propensity. See <u>Berkovich v. Hicks</u>, 922 F.2d 1018, 1022 (2d Cir. 1991); <u>United States v. Brennan</u>, 798 F.2d 581, 589 (2d. Cir. 1986). Therefore, such

1

evidence has been admitted to explain how a criminal relationship developed. Id. The Second Circuit has sustained the admission of prior bad acts under the exception where it tends to explain the background and the development of a conspiracy. United States v. Pipola, 83 F.3d 566 (1996), cert. denied Piola, 519 U.S. 959 (1996); United States v. Lasanta, 978 F.2d 1300, 1307-08 (2d Cir. 1992). Such evidence has been held by the Second Circuit to be sufficiently probative where it helps the jury understand the basis of the co-conspirator's relationship and mutual trust. United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993), *cert. denied* 511 U.S. 1042 (1994).

In this case, the Government does not seek to offer evidence of the Defendants' other crimes, wrongs, or acts to prove the defendant's criminal character or propensity. Instead, the Government seeks to offer such evidence to establish relevant facts which occurred during the period charged in the indictment returned in this case. The government seeks to admit such evidence to show "the relationship between the co-conspirators and the leadership role of one of the participants." Gov't Mem. at 18.

The Court finds that such evidence has the tendency to establish the existence and nature of the conspiracy and the relationships of the co-conspirators and may therefore be relevant to the Defendant's intent, preparation, plan, knowledge, and the absence of mistake or accident. It may also be relevant to the term of the alleged conspiracy. The probatiy of this evidence may outweigh its prejudice to the Defendants.

In accord with the notice required under Rule 404(b), the Government has provided notice to the Defendants prior to trial of not only the general nature of the testimony it plans to offer, but also the specific content of that testimony. Neither Defendant has challenged either the sufficiency or the timeliness of the notice. (The court notes that the defendant Michael Johnson has not objected to the Government's introduction of this evidence.)

Before testimony of the existence of a conspiracy is offered at trial, the Government must make a proffer establishing by a fair preponderance of the evidence that 1) a conspiracy existed; 2) the co-conspirator and the defendant against whom the statement is being offered were members of that conspiracy; 3) the statement was made during the course of the conspiracy; and 4) the statement was made in furtherance of the conspiracy. Fed. R.Evid. 801(d)(2)(E); <u>Bourjaily v. United States</u>, 483 U.S. 171, 175 (1987).

In conclusion, the Court finds the proposed evidence may be highly probative and that the probative value may outweigh any prejudice to the defendants. Accordingly, defendant Jermaine Jones' Motion is denied.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: October 25, 2011.